FIELD, P.
On the 7th of October, 1839, John H. Whiting and Martha his wife, conveyed to Oill A. Gary in trust, certain real and personal estate, which Whiting claimed to be entitled to in right of his wife after the death of her mother, Mrs. Susan Shield, who held the property as tenant for life under her husband’s will, remainder over to the children of the testator. The prop-, erty was conveyed in the first place, for the payment of a debt due from Whiting to the appellee Jennings, and another to the appellee Robinson, the overplus to be for the separate use of Mrs. Whiting and her children by Whiting. Gill A. Cary the trustee, John C. Whiting the grantor, and Mrs. Susan Shield the tenant for life, having departed this life, Jennings and Robinson filed thfeir bill in chancery “to appoint a new trustee in place of Gill A. Gary, with directions to execute the trust created by the said deed in conformity with the provisions thereof,” and for general relief. It was a friendly suit. The defendants filed their answers immediately. Mrs. Whiting in her answer assenting to the appointment *781 of a new trustee to sell as much of the property as might be necessary for the payment of the plaintiff’s debts, and asking that what might be left should be delivered over to her under the provisions of the deed of trust. The cause was heard by consent, and on the 2d day of November, 1843, the day on which the bill and answers were filed, the court rendered *a decree which settled and decided every matter to which the bill related, and directed the payment of costs. It appointed John B. Cary trustee in place of Gill A. Cary, “to execute the trusts created by the deed of the 7th of October, 1839, according to the provisions of the deed,” and directed him to proceed to execute the trusts “whenever required by the complainants or either of them;” and to “pay and deliver over to the defendant Martha Whiting, so much of the property conveyed, and of the moneys arising from the sale, as shall remain after satisfying the trusts in favor of the plaintiffs, and the costs and expenses of executing the trust, together with the costs of suit.” This decree having embraced every object contemplated by the suit, contained no reservation of leave to the parties to apply at a future day for any other or further relief, or for anj modification of the decree, or of any right to apply to the court to see in what manner the trustee had acted, or to enforce him to perform his duty, or to appoint another in his place. But on the contrary, showing that the decree was intended and considered to be final, there was added to the decree a direction to the trustee to make return of his sales to the clerk’s office of the county of York to be recorded, pursuant to the act of Assembly in that case made and provided. Since the repeated decisions of our Court of Appeals, declaring what decrees are to be considered as final, I should have supposed there would be no difficulty in determining that the decree above referred to, was final. It settled the rights of all the parties, directed how the costs should be paid, contained no sort of reservation whatever in favor of any party to apply for further relief, or for any other purpose, at a future day. In Tennent’s heirs v. Pattons, 6 Leigh, 196, Judge Carr said, that every decree which disposes of the whole cause and leaves nothing to be done, is a final decree. But there is a stronger case, a much stronger case, than this is, to shew the finality of the decree under consideration. It is the case of Harvey and *wife v. Bronson, 1 Leigh, 108, which may be regarded as the leading case on this point. In that case, a decree had been rendered disposing of the whole subject, deciding all questions in controversy, ascertaining the rights of the parties and awarding costs, and a commissioner had been appointed to sell property, to account for and pay the proceeds to the parties, with liberty to them to apply to the court to add other commissioners, or substitute new commissioners, or have a decree for partition of the property directed to be sold. The Court of Appeals, by the unanimous opinion of all the judges who sat in the cause, held the decree to be final. The opinion delivered by Judge Carr, in that case, in which Judges Green and Brooke concurred, placed the question in a light too clear to admit of misapprehension or doubt. The principle of this case was-affirmed in the cases of Paup’s adm’r v. Mingo and others, 4 Leigh, 163, and Thornton v. Fitzhugh, 4 Leigh, 209; in. each of which, the causes were retained on the docket, for further proceedings to be had therein — shewing clearly, that the mere fact of the cause being retained in court and on the docket, does not divest a decree of its finality. Nor is a final decree converted into an interlocutory decree, by adding thereto an order suspending the decree as to a part of the account involved in the cause. Flemming, &c. v. Bolling, &c., 8 Grat. 292.
On the 30th of October, 1847, which was after the lapse of three years, eleven months and twenty-eight days, the bill of review was filed by William Nelson and Martha his wife, who was Martha Whiting before her intermarriage with Nelson, pointing out errors in the decree of the 2d November, 1843, and asking the court to revise the same, and that Mrs. Nelson might be “reestablished” in her right to the property referred to in the deed, and to the money for which the negroes had, as she alleged, been improperly sold by the trustee, John B. Cary, under the decree of the 2d November, 1843. This bill of review not having been filed *within three years from the date of the decree referred to, the plaintiffs could not have that decree reviewed or reversed, if it had been ever so erroneous. But if its only meaning and effect was simply to appoint a trustee in place of the one who had died, and for no other purpose, and in no wise changed, ratified or confirmed that deed, or any of its provisions, there was certainly no error in the decree to be corrected, either on a bill of review or appeal, prosecuted in due time, of which the plaintiffs could complain. But what the true construction of that decree is, as to its operation on the rights of Mrs. Nelson, formerly Mrs. Whiting, cannot arise or be determined on the present occasion. That construction may be had in a new suit instituted for that purpose. If that question was before us, we should not hesitate to say that, as to' her personal estate, that deed standing alone was inoperative.
The bill of review had reference to another order or decree, made by the same court, purporting to be a decree made in the same suit. The trustee, after his appointment had been made, proceeded to execute the trust, on the 22d February, 1844, and sold three negroes for the net sum of $973 75, and made report of his proceedings to the Circuit Superior Court of Naw and Chancery of York county. And on the 1st day of November, 1844, that court made an order in the suit of Jennings and Robinson v. Whiting, in which the final decree had. *782 been rendered as above, stated, by which the report of the sale of the negroes was confirmed, and the net proceeds of the sale, after defraying the expenses of the sale -and costs of suit, were directed to be paid over to the creditors Jennings and Robinson, and then adds these words to the order: “and the object of this suit being fully obtained, the cause is ordered to be stricken from the docket.” In relation to these words I desire to make a single remark. If the retaining a cause in court, in order to give further relief, or to change the decree by adding to the commissioners, or appointing other commissioners to sell the property, or *to make an order for having the property divided, instead of beihg sold,-or to decide upon apart of the account embraced in the decree, will not have the effect, as herein before shown from the authorities referred to, of rendering a final decree interlocutory, surely the mere retaining the cause on the docket by the clerk, when nothing more is to be done, cannot have that effect. In the case of Yarborough v. Deshazo, 7 Grat. 374, the Court of Appeals held, that “a case in which there had been a final decree was not a pending suit in the sense of the Code.” This order of the 1st of November, 1844, was therefore not made in a pending suit, and was for that reason erroneous and could be revised, either, upon an appeal, or by bill of review. Whether the order upon its merits was right or wrong, cannot be determined by an inspection of the record; for the whole record of that proceeding consists of the report of the sale by the trustee and the order of court made thereon. The bill of review applies to this order, and suggests errors in it. The defendants Jennings, Robinson and Cary demurred to the bill, the other defendants answered. The cause was heard on the 30th April, 1849, on the record, which was all-sufficient, for the demurrer put in issue all questions which could arise on the record, and the court on the hearing reversed the order of the 1st day of November, 1844, as it should have done, and if it had dismissed the bill, as to the old suit in which the decree was final, all would have been right; but the court in effect did what may be regarded as substantially tantamount to a dismission, and that was, in the language of the court, “leaving the said decree Of the 2d November, 1843 in full force.”
I am, therefore, for affirming the decree.