Hoit v. Hoit.

SARAH A. HOIT, appellant,

v.

NATHAN HOIT, respondent.

The orphans court act provides that an appeal from an order or decree respecting the probate of a will * * * shall be demanded within thirty days after such order or decree, and from any other order or decree, * * * within three months.  A decree admitting a will to probate, and awarding the costs of both sides and counsel fees to the caveator's proctors out of the estate, was dated April 3d, 1885.  On May 14th, 1885, an order was entered directing that the decree be amended so as to award a counsel fee out of the estate to one proctor of the proponent; and on June 10th, 1885, another similar order was made, awarding a counsel fee to another proctor of the proponent.  On July 17th, 1885, the proponent appealed from that part of the decree of April 3d, 1885, which relates to the costs, and also from the two subsequent amendatory orders.—Held, that the provisions of the decree as to costs and counsel fees were parts of the decree for the probate of the will, from which an appeal must be taken within thirty days after entry, and that as to the amendatory decrees, appeal must be taken within thirty days from the time of entering the amendatory decree appealed from.

Appeal from decree of Warren orphans court.  Motion to dismiss.

Hoit *v.* Hoit.

*Mr. G. M. Shipman,* for the motion.

*Mr. O. Jeffery, contra.*

THE ORDINARY.

There was a decree in the orphans court in this case, made upon the verdict of a jury in the Warren circuit court, upon an issue under the orphans court act, in a contest as to the validity of a paper purporting to be the last will and testament of John G. Hoit, deceased.  It admitted the will to probate, and ordered that the costs of both sides, including counsel fees, be paid out of the personal estate, and that $100 be paid to Henry S. Harris and $125 to J. G. Shipman & Son, proctors of the caveator.  The decree was dated April 3d, 1885.  On the 14th of May following, the court, by an order of that date, ordered that the decree admitting the will to probate be so amended as to award a counsel fee of $150 to Chauncey H. Beasley, one of the counsel of the proponent, to be paid out of the estate, and on the 10th of June following the court made another order of the same character for the payment of the like counsel fee out of the estate to Joseph M. Roseberry, who was of counsel with the

NOTE.—Where a judgment entered on August 3d, 1877, was amended as to costs on August 30th, 1877—*Held,* that the one year within which an appeal therefrom must be taken expired on August 3d, 1878, *Wilson* v. *Palmer, 75 N. Y. 250.*

If an order be amended it does not extend the time for appealing from the original order, although an appeal from the amending order may have been taken in time, *Leadbetter* v. *Laird, 45 Wis. 522; Savings Soc.* v. *Horton, 63 Cal. 310; Alabama Coal Co.* v. *State, 54 Ala. 36;* see *Mann* v. *Haley, 45 Cal. 63.*

An appeal from a judgment rendered on a verdict, and also from an order dismissing an application for a new trial, only authorizes a review of the latter if the time for appealing from the former has expired, *Cohol* v. *Allen, 37 Iowa 449; Parker* v. *McAvoy, 36 Wis. 322; Carpenter* v. *Brown, 50 Iowa 451.*

An act of congress which directs the court of claims to re-open and re-adjudicate a claim, and, in case it finds a further amount due, that the same shall be part of the original judgment, confers no right of appeal from the final action of the court thereon, if such right on the original judgment has expired, *United States* v. *Grant, 110 U. S. 225;* appeals from orders made after judgment must be taken within the time limited for taking appeals from judgments, *Jarvis* v. *Hamilton, 37 Wis. 87;* see *Porter* v. *Timanns, 12 Md. 283.*

Hoit *v.* Hoit.

proponent. The proponent (Sarah A. Hoit) on the 17th of July, 1885, appealed from so much of the decree of April 3d as directs that the costs and expenses of both sides be paid out the estate, and also from the two amendatory orders of May 14th and June 10th. Motion is made to dismiss the appeal, on the ground that it was not taken within the time limited by law for appealing. The act governing the subject provides that an appeal from an order or decree of the orphans court respecting the probate of a will, or the right of administration, or the fairness of an inventory, shall be demanded within thirty days after such order or decree, and an appeal from any other order or decree shall be demanded within three months from the making of such order or decree, unless otherwise specially provided. *Orphans Court Act Rev. p. 791 § 176.* The appeal in this case was not demanded within thirty days from the time of making any of the orders appealed from. It is urged, however, that the decree admitting the will to probate and the provision for the payment of the costs and expenses out of the estate, though contained in the same instrument, are in fact separate decrees, and that while the thirty days' limitation applies to the former, it does not to the latter, and that from the latter an appeal may be taken at any time within the period of three months from the making of the decree. But that distinction cannot be maintained. The

Where the clerk neglected to enter a judgment on the day on which it was rendered, and it was afterwards, by consent of parties and order of the court, entered *nunc pro tunc,* the time within which an appeal could be taken was held to begin to run from the day of rendition, and not from the day of entry, *Anderson* v. *Mitchell, 58 Ind. 592.*

A final decree cannot be rendered interlocutory by retaining the cause on the docket, and by subsequently rendering another decree in the same cause, and therefore a bill of review presented within the statutory time after the date of the second decree, but after such time has expired as to the first decree, will be dismissed, *Nelson* v. *Jennings, 2 Pat. & H. 369.*

A judgment by default was rendered by a justice of the peace against a defendant, who, two days afterwards, applied to the justice to open the judgment. The justice thereupon fixed a day and hour, and notified the plaintiff to appear and show cause &c. At the time appointed the plaintiff appeared, but the defendant did not, whereupon the justice confirmed the judgment.—*Held,* that the time for appealing therefrom should be computed from the latter day, *Sleck* v. *King, 3 Pa. St. 211; Read* v. *Dickinson, 2 Ashm. 224.*—REP.

award of costs and expenses is part of the decree "respecting the probate" of the will, as the award of costs is part of any other decree or judgment. The untenableness of the position of the appellant's counsel on this point will be made manifest by applying his proposition to the decrees of the court of chancery in certain cases. The chancery act provides that an appeal from final decrees of the court of chancery may be taken at any time within three years after the making of the decree, except where notice of *lis pendens* has been given; in which case the appeal must be taken within three months from the time of making the decree appealed from. Now, if in a case of the latter sort there were a final decree dismissing the bill, with costs, could it be claimed that, although there could be no appeal from the direction that the bill be dismissed, unless it were taken within the three months, yet that from the award of costs there might be an appeal at any time within three years? Surely not; the award of costs in such a case would obviously be a part of the decree. So in the case in hand.

The amendatory orders were of the same nature as the original decree. They were made to supply omissions in that decree. They are orders respecting the probate of the will, and if an appeal be taken from them, it must be taken, as to each order, within thirty days from the time when it was made. The appeal will be dismissed, with costs